UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS VALDEZ,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, et al.,<br><br>　　　　　　　　　Respondents. | Case No.: 18cv734-LAB (BGS)<br><br>**ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

　　Petitioner Jose Luis Valdez, a prisoner in state custody, filed his petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition was referred to Magistrate Judge Bernard Skomal for report and recommendation. After receiving briefing, Judge Skomal on May 17, 2019 issued his report and recommendation (the "R&R"), which recommended denying the petition. Valdez has filed objections to the R&R.

　　A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1). The Court is not required to review de novo those portions of the R&R to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The R&R correctly sets forth the legal standards and principles of law governing habeas review, which the Court does not repeat here except as needed for discussion. The Court accepts the R&R's unobjected-to factual recitations as correct.

**Background**

Valdez was convicted in 2015 of the first degree murder of Daniel R. in 2005, and the second degree murder of Joseph M. in 2002, as well as conspiracy to commit murder. Claims in his petition relate to the conviction for the murder of Joseph. As to both these murders, the jury found true the criminal street gang and firearms allegations, and the allegation that Valdez has been convicted of one or more murders in the first or second degree. The jury hung on a third 2003 murder.

Testimony at trial established that Valdez was a member of the Notorious Vandals System (NVS), and that he and other gang members were cruising around, armed with guns and looking for rival gang members to attack. Joseph, along with Lozano and Pojas (who was a member of a rival gang) were hanging out at the Pojas home when they noticed a car driving suspiciously. They went outside to investigate. Lozano armed himself with a wrench, and Pojas armed himself with a bat; Joseph was unarmed. Valdez and Renteria (another NVS member) got out of the car, leaving three others in the car. Valdez asked Joseph, Lozano, and Pojas where they were from, which was intended to elicit gang membership. Joseph and Lozano responded with geographic information, indicating they were not gang members, but Pojas identified himself as a member of a rival gang. Renteria insulted the rival gang, then began shooting at Pojas, who ran. Mascareno, a witness inside the car, said that Valdez then went towards the

group and fatally shot Joseph. Mascareno testified that Joseph did not fight. Other witnesses, however, testified that Joseph punched Valdez several times before Valdez shot him. Joseph died from a single gunshot wound to the chest. Bruising on his knuckles was consistent with his punching someone or blocking something. There was no evidence Valdez was injured.

Various instructions on defenses and lesser included offenses were given, including an instruction on complete self-defense, but an instruction on imperfect self-defense was not given.

**Discussion**

Valdez brings two claims: the trial court's failure to instruct the jury on imperfect self-defense, and ineffective assistance of trial counsel. The second claim is derivative of the first.

Valdez's claims are governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Respondent concedes that the claims are both timely and exhausted. The California Supreme Court denied Valdez's petition for review without comment, and there is no reason to believe its decision rested on grounds different from the last reasoned decision, which is the California Court of Appeals' denial of Valdez's appeal. The Court therefore "looks through" the California Supreme Court's denial to the Court of Appeals' reasoned decision. *See Wilson v. Sellers,* 138 S. Ct. 1188, 1192 (2018); *Ylst v. Nunnemaker*, 501 U.S. 797, 805–06 (1991).

**Claim One: Failure to Instruct on Imperfect Self-Defense Theory**

In his traverse, Valdez conceded that this claim was not cognizable on federal habeas review. (Docket no. 10 (Traverse) at 2:9–12.) He admitted that the state court's decision was not contrary to or an unreasonable application of federal law, and that the state court properly rejected this claim. (Id. at 3:17–21.) He therefore withdrew it (*id.* at 2:11–12), and requested an evidentiary hearing as to his second claim only. (*Id.* at 4:18–19.) Judge Skomal accepted this concession

and withdrawal, but also determined that Valdez's claim would fail even if he had not withdrawn it. In his objections to the R&R, Valdez now seeks to resurrect his abandoned claim.

Imperfect self-defense occurs when a person kills another because he actually, but unreasonably, believes he needs to defend himself from imminent death or great bodily injury. *See People v. Simon*, 1 Cal. 5th 98, 132 (2016). Such a person is deemed to have acted without malice, which reduces the crime to voluntary manslaughter. *Id.* It is not an affirmative defense, but rather represents a lesser-included offense. *Id.* Under California law, a trial court must *sua sponte* instruct the jury on a lesser included uncharged offense if substantial evidence would absolve the defendant on the greater but not the lesser charge. *Id.*

But federal habeas relief is unavailable to remedy errors of state law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Under federal law, habeas relief based on error in instructing a jury is available only where the error so infected the entire trial that the resulting conviction violates due process under the U.S. Constitution. *Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991); *Dunckhurst v. Deeds*, 859 F.2d 110, 114 (9th Cir. 1988).

Due process requires that the jury be instructed on a lesser-included offense only where the evidence warrants such an instruction. *Hopper v. Evans*, 456 U.S. 605, 611 (1982). The Court of Appeals determined that no instruction on imperfect self-defense was needed, because the record lacked substantial evidence to merit giving the instruction. Its decision discusses the evidence in detail, noting for example that Valdez and those with him were armed with guns, were planning to attack and kill rival gang members, and provoked the confrontation by issuing a gang challenge. It noted the conflicting testimony about a fistfight, as well as the lack of any injuries to Valdez. Even if there were a fistfight, it noted, Joseph did not use deadly force. It pointed out that Valdez shot Joseph from five feet away, just after Renteria fired. And it noted the significant size difference between Valdez and

Joseph. Valdez's objections reject the Court of Appeals' version of the evidence and give his own interpretation of it. His own interpretation omits several key points, and includes his own conjectures about what the jury must have been thinking, or the reasons for its verdicts.

The Court generally defers to state courts' factual determinations. 42 U.S.C. § 2254(d)(1) and (e)(2). This includes determinations by both trial and appellate courts. *See Pollard v. Galaza*, 290 F.3d 1030, 1033, 1035 (9th Cir. 2002). The Court may not treat them as unreasonable merely because the Court might have reached a different conclusion. *Wood v. Allen*, 558 U.S. 290, 301 (2010). The Court need not distinguish between § 2254(d)(2) deference and § 2254(e)(2) deference because under either standard, the state court's factual determinations are reasonable. *See Wood* at 301.

Nor did the trial court's failure to instruct on voluntary manslaughter and imperfect self-defense so infect the trial that Valdez's due process rights were violated. *See Estelle*, 502 U.S. at 71–72 (1991); *Dunckhurst*, 859 F.2d at 114.

**Claim Two: Ineffective Assistance of Counsel**

Valdez claims his trial counsel was ineffective for failing to request the instruction on voluntary manslaughter based on imperfect self-defense.

To establish this claim, Valdez must show that his counsel's representation fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's unprofessional errors. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). If a petitioner fails to make a sufficient showing as to either, the Court need not address the other. *Id.* at 697.

This by itself is a high standard, and requires Valdez to show that his counsel's errors were so serious as to deprive him of a fair trial. *Id.* at 687. The Court is required to be highly deferential of counsel's performance, *id.* at 689, and to presume that it falls within the wide range of reasonable professional assistance. *Id.* at 686–87.

This Court must also defer to the state court's determination of Valdez's ineffective assistance claim. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing § 2254(d)). The Supreme Court has described the application of both standards together as "doubly deferential." *Id.* "The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

As discussed, the Court must accept the state court's reasonable determination that the instruction on voluntary manslaughter and imperfect self-defense was not warranted. Valdez's counsel's failure to request an unwarranted instruction (or even an instruction he reasonably believed to be unwarranted) cannot support an ineffective assistance claim. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) (holding that counsel's failure to take a futile action is not deficient performance). Furthermore, the state court's determination of this issue was not unreasonable nor contrary to clearly established federal law as established by the Supreme Court. *See* § 2254(d).

**Other Arguments**

Valdez raises other arguments based on his own interpretation of the verdict and what he believes jurors must have been thinking. But the jury's verdicts and findings support his conviction. For example, when finding Valdez guilty of second degree murder for the killing of Joseph, the jury also found true the allegation that he committed the murder for the benefit of a criminal street gang. (*See* Docket no. 7-4 at 216 (verdict form).) This is inconsistent with Valdez's contentions that he was motivated by fear.

/ / /

/ / /

/ / /

/ / /

/ / /

**Conclusion and Order**

For these reasons, the Court **OVERRULES** Valdez's objections to the R&R, and **ADOPTS** the R&R. The petition is **DENIED** and a certificate of appealability is also **DENIED**. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated:  July 8, 2020

*[signature]*
Hon. Larry Alan Burns
Chief United States District Judge